UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DERAK T. CARRINGTON II**<br><br>Plaintiff,<br><br><br>vs.<br><br>**SJD INVESTMENT LLC et al.,**<br><br>Defendants. | **2:26-CV-11749-TGB-APP**<br><br>**ORDER GRANTING IN FORMA PAUPERIS STATUS (ECF NO. 3);**<br><br>**SUMMARILY DISMISSING COMPLAINT (ECF NO. 1);**<br><br><br>**AND DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION (ECF NO. 4).** |

On May 29, 2026, Plaintiff Derak T. Carrington II, proceeding pro se, filed a complaint against Defendants SJD Investment LLC and "John Doe Court Office/Bailiff assigned to execute eviction at 20066 Briarcliff, Detroit, Michigan 48221" alleging a procedural due process violation under 42 U.S.C. § 1983 relating to a writ of eviction of the property at 20066 Briarcliff, Detroit, Michigan 48221—where Carrington resides— that was issued by the Michigan 36th Judicial District Court. ECF No. 1. Plaintiff has also filed an application to proceed in forma pauperis. ECF No. 3. Additionally, Plaintiff has filed a motion for a temporary

restraining order and a preliminary injunction, seeking to restrain Defendants from executing the writ of eviction. ECF No. 4.

For the following reasons, Plaintiff will be **GRANTED** in forma pauperis status, but the complaint will be summarily **DISMISSED**. Accordingly, Plaintiff's motion for a temporary restraining order and a preliminary injunction, ECF No. 4, will be **DENIED**.

## I.     BACKGROUND

### A.     Factual Background

Plaintiff's complaint alleges following:

Plaintiff is an occupant of 20066 Briarcliff, Detroit, Michigan 48221. ECF No. 1, PageID.1.

Plaintiff alleges that during October and November 2025, "election/writ activity occurred … in the 36th District Court." *Id.* at PageID.2. On November 14, 2025, "an 'Order of Eviction' was entered." *Id.* This writ stated that "NO WRIT SHALL BE EXECUTED FOR 30 DAYS." *Id.*

Plaintiff alleges that substantial time passed "following the earlier writ/order activity and non-execution period." *Id.*

On May 12, 2026, Plaintiff appeared at a hearing "concerning enforcement/stay issues." *Id.* "Following that hearing, the Court noted or ordered: 'Writ of eviction may execute after May 31, 2026." *Id.*

### B.     Procedural Background

On May 29, 2026, Plaintiff initiated suit in this Court. *Id.* Plaintiff brings a § 1983 claim alleging violation of his procedural due process rights under the Fourteenth Amendment. *Id.* at PageID.3. Plaintiff alleges that "current enforcement raises procedural due-process concerns because renewed execution was later authorized after substantial time passed following earlier non-executed writ/order activity." *Id.* Plaintiff requests four forms of relief: a temporary restraining order preventing eviction, a preliminary injunction, an expedited hearing on Plaintiff's request for emergency injunctive relief, and "any other relief this Court deems just and proper." *Id.* at PageID.4.

On the same day, Plaintiff filed an application to proceed without prepaying fees or costs, ECF No. 3, and a motion for a temporary restraining order and a preliminary injunction, ECF No. 4.

## II.    LEGAL STANDARD

The Court may authorize a person to file a complaint without prepaying the filing fees if that person submits an affidavit demonstrating that they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

If a person is authorized to proceed in forma pauperis, the Court must review the Complaint to ensure that it states a plausible claim for relief, is not frivolous or malicious, and does not seek monetary relief against defendants immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If

3

the complaint fails any of these requirements, the court must dismiss it. *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997), *overruled on other grounds, Jones v. Bock, 549 U.S. 199, 203 (2007)*

Pro se complaints are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). But they must still comply with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. Proc. 8(a)(2)-(3). Rule 8(a) does not require "detailed" factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.   DISCUSSION

### A.    In Forma Pauperis Application

An individual need not be "absolutely destitute" to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But the affidavit supporting an application to proceed in forma pauperis must sufficiently establish that the applicant cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 342. The decision to grant or deny an application lies within the discretion of the Court. Phipps v. King, 866 F.2d 824, 825 (6th Cir. 1988). Courts evaluating applications generally consider an applicant's employment, annual income and expenses, and any other

assets or property that individual may possess. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at \*1 (E.D. Mich. May 29, 2014) (Goldsmith, J.). In the present case, Plaintiff has diligently completed the affidavit in support of his application showing that he has almost no savings and $55,000 in college loans. ECF No. 3, PageID.47. Therefore, the Court will **GRANT** Plaintiff in forma pauperis status.

### B.   Whether the Complaint States a Plausible Claim for Relief

The Complaint states only a single claim for relief: a § 1983 claim alleging a procedural due process violation. ECF No. 1, PageID.3. Specifically, Plaintiff appears to argue that his due process rights were violated "because renewed execution was later authorized after substantial time passed following earlier non-executed writ/order activity." *Id.* The Complaint claims injunctive relief. *Id.* at PageID.4.

The Court dismisses the Complaint with prejudice for a number of reasons.

First, the Complaint does not state a plausible claim for relief. Plaintiff "seeks only temporary emergency relief preserving the status quo pending review of the procedural due-process issue." *Id.* at PageID.3. However, under the Anti-Injunction Act, 28 U.S.C. § 2283, a federal court "may not grant an injunction to stay proceedings in a State court," subject to certain exceptions that do not apply here. "Courts in this district have repeatedly held that the Anti–Injunction Act bars injunctions preventing

state-court eviction proceedings." *Powers v. Bank of Am., N.A.*, 63 F. Supp. 3d 747, 752 (E.D. Mich. 2014) (Lawson, J.) (collecting cases). Similarly, courts have held that the Anti-Injunction Act bars injunctions staying the application of a writ of eviction. *See E3A v. Bank of Am., N.A.*, No. 13-CV-10277, 2013 WL 784339, at *2 (E.D. Mich. Mar. 1, 2013) (Drain, J.). Thus, the Court may not grant the relief sought here. *Id.* For the same reason, Plaintiff's motion for injunctive relief is also barred. *See Powers*, 63 F. Supp. 3d at 752 ("The plaintiffs' request for injunctive relief is barred by the Anti–Injunction Act.").

Second, Plaintiff's claim is barred by the *Rooker-Feldman* which "provides that lower federal courts lack the authority to review and overturn a state court decision." *Leaphart v. Detroit Hous. Comm'n*, No. 12-13960, 2012 WL 12892146, at *1 (E.D. Mich. Oct. 18, 2012) (Cook, Jr., J.) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Thus, "[w]hen the source of the injury, about which an aggrieved party complains, is a state court judgment, a federal court is without jurisdiction to hear the claim." *Id.* (citing *McCormick v. Braverman*, 451 F.3d 382, 393–95 (6th Cir. 2006)). Here, as in *Leaphart*, "the claimed source of [plaintiff's] injury is the state court judgment of eviction …. An action which seeks to prevent the execution of an order of eviction is 'exactly the type for which dismissal pursuant to the *Rooker–Feldman* doctrine is appropriate.'" *Id.* at *2 (citing *Battah v. ResMAE Mortg. Corp.*, 746 F. Supp. 2d 869, 873–74 (E.D. Mich. 2010)). Thus, courts "have

consistently applied the *Rooker–Feldman* doctrine to claims requesting review of a state court's eviction and foreclosure proceedings." *Tyson v. RBS Citizens, NA*, No. 11-10852, 2011 WL 830096, at *1 (E.D. Mich. Mar. 3, 2011) (Zatkoff, J.). Accordingly, this Court lacks jurisdiction. *Id.*

Third, under § 1983, an individual can bring suit for a violation of federal constitutional rights only if the individual shows that the deprivation was caused by a state actor. *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015). Plaintiff brings this suit against two entities: SJD Investment LLC and "John Doe Court Office/Bailiff assigned to execute eviction at 20066 Briarcliff, Detroit, Michigan 48221. ECF No. 1, PageID.1.

SJD Investment LLC does not appear to be a state actor and nothing in the Complaint suggests that its private conduct is "fairly attributable" to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Thus, Plaintiff cannot bring a § 1983 suit against SJD Investment LLC.

Fourth, while John Doe *may* be considered a state actor, it appears that his existence is hypothetical, given that it is unclear whether any individual has been "assigned to execute eviction at 20066 Briarcliff, Detroit, Michigan 48221. ECF No. 1, PageID.1. Accordingly, Plaintiff's claims against John Doe are not ripe and must be dismissed. In any case, Plaintiff does not appear to allege that the *execution* of the writ of eviction

7

violates his constitutional rights. Thus, the Complaint fails to allege a claim against John Doe.

Therefore, Plaintiff's complaint will be **DISMISSED WITH PREJUDICE**.

## IV.   CONCLUSION

For the aforementioned reasons, Plaintiff's Application to Proceed In Forma Pauperis (ECF No. 3) is **GRANTED** but Plaintiff's Complaint is **SUMMARILY DISMISSED WITH PREJUDICE** for failure to state a claim. Additionally, Plaintiff's motion for a temporary restraining order and a preliminary injunction, seeking to restrain Defendants from executing the writ of eviction (ECF No. 4) is **DENIED** as moot.

**SO ORDERED**.

Dated: June 15, 2026                  s/Terrence G. Berg
                                      HON. TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE